1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANA SINGER,

11          Plaintiff,                    No. 2:11-cv-2932 KJN P

12      vs.

13   CALIFORNIA BOARD OF
14   PRISON HEARINGS, et al.,

15          Defendants.            ORDER

16   _____/

17          Plaintiff, proceeding without counsel, filed a civil rights complaint pursuant to 42

18   U.S.C. § 1983.  Plaintiff consented to proceed before the undersigned for all purposes.  See 28

19   U.S.C. § 636(c).

20          The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24   granted, or that seek monetary relief from a defendant who is immune from such relief.

25   28 U.S.C. § 1915A(b)(1),(2).

26          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

2   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

3   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

4   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

5   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

6   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

7   2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

8   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

9   1227.

10        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

11   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

12   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

13   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

14   (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

15   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

16   allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

17   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

18   notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

19   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

20   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

21   as true the allegations of the complaint in question,  id., and construe the pleading in the light

22   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

23   ////

24   ////

25   ////

26   ////

1    Plaintiff herein claims that the California Board of Prison Hearings ("BPH")

2  failed to follow its own regulations, specifically Cal. Code Regs. tit. 15, § 2000(50),[1] by applying

3  a "some evidence" standard rather than a "preponderance of the evidence standard," allegedly in

4  violation of plaintiff's Fourteenth Amendment due process rights.  Plaintiff seeks an injunction

5  prohibiting the BPH from using the "some evidence" standard of review during lifer parole

6  hearings, requiring the BPH to use the "preponderance of evidence" standard of review, and

7  ordering the BPH to hold another parole suitability hearing for plaintiff within thirty days.

8  Plaintiff also seeks monetary damages.

9        1. Due Process Claims

10    The Due Process Clause of the Fourteenth Amendment prohibits state action that

11  deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

12  due process violation must first demonstrate that he was deprived of a liberty or property interest

13  protected by the Due Process Clause and then show that the procedures attendant upon the

14  deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

15  490 U.S. 454, 459-60 (1989).

16    A protected liberty interest may arise from either the Due Process Clause of the

17  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

18  expectation or interest created by state laws or policies."  Wilkinson v. Austin, 545 U.S. 209, 221

19  (2005) (citations omitted).  The United States Constitution does not, of its own force, create a

---

[1] Section 2000(b)(50) provides:

(b) Definitions.  For the purpose of the regulations contained in this division the definitions below shall have the following meanings:

. . .

(50) Good Cause.  A finding by the board based upon a preponderance of the evidence that there is a factual basis and good reason for the decision made.

Id.

1    protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454

2    U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no

3    constitutional or inherent right of a convicted person to be conditionally released before the

4    expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory

5    language, 'creates a presumption that parole release will be granted' when or unless certain

6    designated findings are made, and thereby gives rise to a constitutional liberty interest."

7    Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a

8    state's use of mandatory language ("shall") creates a presumption that parole release will be

9    granted when the designated findings are made.).

10            California's parole statutes give rise to a liberty interest in parole protected by the

11   federal due process clause.  Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011).  In California, a

12   prisoner is entitled to release on parole unless there is "some evidence" of his or her current

13   dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29

14   Cal.4th 616, 651-53 (2002).  However, in Swarthout the United States Supreme Court held that

15   "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive

16   federal requirement."  Swarthout, 131 S. Ct. at 862.  In other words, the Court specifically

17   rejected the notion that there can be a valid claim under the Fourteenth Amendment for

18   insufficiency of evidence presented at a parole proceeding.  Id. at 862-63.  Rather, the protection

19   afforded by the federal due process clause to California parole decisions consists solely of  the

20   "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be

21   heard and . . . a statement of the reasons why parole was denied."  Swarthout, 131 S. Ct. at 862-

22   63.

23            Here, the record reflects that plaintiff was present at the March 18, 2009 parole

24   hearing, that he participated in the hearing, and that he was provided with the reasons for the

25   Board's decision to deny parole.  (Dkt. No. 1 at 8-17.)  According to the United States Supreme

26   Court, the federal due process clause requires no more.  Therefore, plaintiff's due process claims

4

1   are unavailing.

2          Plaintiff contends that California law requires a preponderance of the evidence to

3   deny parole, and alleges this court is bound to defer to an agency's interpretation of its own

4   regulations.  However, only when a case involves a federal administrative agency's construction

5   of a statute that the agency administers, does the court need to defer to the agency as set forth in

6   Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).  See Food

7   and Drug Admin. v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 132 (2000).  Here,

8   plaintiff is not challenging a federal agency' s interpretation of a federal statute.  The BPH is a

9   state agency, and not a federal agency.

10          In addition, the United States Supreme Court has recognized that California

11   applies the "some evidence" standard of review in parole determinations.  See Swarthout, 131 S.

12   Ct. at 862; Superintendent v. Hill, 472 U.S. 445, 455-56 (2001).  The California Supreme Court

13   has also confirmed that the "extremely deferential" "some evidence" standard is the appropriate

14   standard used to review parole denials.  In re Rosenkrantz, 29 Cal.4th 616, 664-65, 128 Cal.

15   Rptr.2d 104 (2002) (citing Hill).  Thus, judicial review in the California courts is limited to

16   whether the Board supported its findings with "some evidence."  Rosenkrantz, 29 Cal.4th at

17   666-67; Lawrence, 44 Cal.4th at 1221.  In Swarthout, the United States Supreme Court made

18   clear that "California's 'some evidence' rule" is not a component of the liberty interest in parole,

19   and due process only requires "the minimum procedures adequate for due-process protection . . .

20   as set forth in Greenholtz."  Swarthout, 131 S. Ct. at 862.  In other words, the Due Process

21   Clause does not permit federal courts to evaluate the merits of the BPH's decision to deny

22   plaintiff parole.  See Swarthout, 131 S. Ct. at 862; Miller v. Oregon Bd. of Parole and Post

23   Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout

24   v.] Cooke that in the context of parole eligibility decisions the due process right is

25   procedural[.]") (emphasis in original).  As set forth above, petitioner was provided the minimal

26   ////

1  due process protections required.[2]

2      Therefore, the court declines to provide plaintiff leave to amend to reassert any

3  due process claims.  Plaintiff's due process claims have been foreclosed, as a matter of law, by

4  the Supreme Court's decision in Swarthout.  Thus, any attempt to amend the pleadings to include

5  new facts would be futile in stating a cognizable due process claim.  See Lopez v. Smith, 203

6  F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend . . ., unless it

7  determines that the pleading could not possibly be cured by the allegation of other facts.").

8  Accordingly, plaintiff's due process claims are dismissed with prejudice.

9      2.  Leave to Amend

10      Plaintiff's complaint alleges only due process violations.  In light of Swarthout,

11  plaintiff cannot amend the complaint to allege a due process claim.  However, in an abundance of

12  caution, plaintiff will be granted leave to file an amended complaint if plaintiff can raise other,

13  cognizable civil rights claims.[3]

14  _____

15      [2] Plaintiff's interpretation of Section 2000(b)(50) is also unavailing.  Section 2000(b)(50)
    defines the term "good cause," as used in the context of prison terms, as "a finding by the board
16  based on a preponderance of the evidence that there is a factual basis and good reason for the
    decision made."  Id.  It does not set forth the Board's burden of proof in determining parole
17  suitability.  See Cal. Code Regs. tit. 15, § 2000(b)(50).  Moreover, Section 2402, which governs
    suitability determinations, does not require that the Board make its finding by a preponderance of
18  the evidence.  Cal. Code Regs. tit. 15, § 2402.  Nor does it require that the Board show "good
    cause" for denying parole.  See Cal. Code Regs. tit. 15, § 2402.  The regulation requires that the
19  Board consider "all relevant, reliable information available to the panel. . . ."  Id. at (b).  Nor does
    a "good cause" or preponderance standard appear in the other regulations governing parole
20  suitability hearings.  See generally Cal.Code Regs. tit. 15, §§ 2400-2411.

21      In any event, even if the Board were obligated to make its finding by a preponderance of
    the evidence, but failed to do so, that failure would not, by itself, provide petitioner with a cause
22  of action under California law.  Rather, judicial review in the California courts would be limited
    to whether the Board supported its findings with "some evidence."  Rosenkrantz, 29 Cal.4th at
23  666-67; Lawrence, 44 Cal.4th at 1221.

24      [3] Plaintiff names the BPH as a defendant in this action.  However, the Eleventh
    Amendment serves as a jurisdictional bar to suits brought by private parties against a state or
25  state agency unless the state consents to the suit.  See Dittman v. California, 191 F.3d 1020,
    1025-26 (9th Cir. 1999) ("In the absence of a waiver by the state . . . under the [E]leventh
26  [A]mendment, agencies of the state are immune from private damage actions or suits for

3. <u>Request to Proceed In Forma Pauperis</u>

Finally, plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. Because plaintiff fails to state a cognizable civil rights claim, and cannot cure his due process claims by amendment, the court will grant plaintiff an opportunity to voluntarily dismiss this action without incurring the filing fee.  Plaintiff is cautioned that if he chooses to file an amended complaint, he will be required to pay the $350.00 filing fee, even if the court grants plaintiff leave to proceed in forma pauperis.  28 U.S.C. § 1915(g).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend.

2. Plaintiff's due process claims are dismissed with prejudice.

3. Within thirty days from the date of this order, plaintiff shall complete and file the attached Notice of Election form.

4. If plaintiff chooses to file an amended complaint, plaintiff shall also submit one copy of the Amended Complaint.  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

5. Failure to file the Notice of Election in accordance with this order will result in the dismissal of this action.

DATED:  December 21, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sing2932.56

---

injunctive relief brought in federal court.") (internal quotations omitted).  Here, the State of California has not consented to suit; thus, plaintiff should not name the California BPH as a defendant in any amended complaint.  See Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009).  Plaintiff's complaint also contains no charging allegations as to named defendants Warden Sisto or Governor Brown.  If plaintiff chooses to file an amended complaint, he must set forth facts connecting the named defendant with the alleged constitutional violation.

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE EASTERN DISTRICT OF CALIFORNIA

8   DANA SINGER,

9             Plaintiff,                No. 2:11-cv-2932 KJN P

10        vs.

11

12  CALIFORNIA BOARD OF
    PRISON HEARINGS, et al.,

13            Defendants.              NOTICE OF ELECTION

14  _____/

15            Plaintiff hereby chooses the following option pursuant to the court's order filed ___

16  _____:

17            _____          Plaintiff chooses to voluntarily dismiss
                                       this action.
18
              _____          Plaintiff opts to file an Amended Complaint.
19                                     Plaintiff acknowledges he will incur the
                                       $350.00 filing fee.
20  DATED:

21

22                                     _____
                                       Plaintiff
23

24

25

26