IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANA SINGER,

      Plaintiff,                No. 2:11-cv-2932 KJN P

      vs.

CALIFORNIA BOARD OF
PRISON HEARINGS, et al.,

      Defendants.             ORDER

                              /

        Plaintiff, proceeding without counsel, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,  id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

////

////

////

Plaintiff herein claims that the California Board of Prison Hearings ("BPH") failed to follow its own regulations, specifically Cal. Code Regs. tit. 15, § 2000(50),[1] by applying a "some evidence" standard rather than a "preponderance of the evidence standard," allegedly in violation of plaintiff's Fourteenth Amendment due process rights. Plaintiff seeks an injunction prohibiting the BPH from using the "some evidence" standard of review during lifer parole hearings, requiring the BPH to use the "preponderance of evidence" standard of review, and ordering the BPH to hold another parole suitability hearing for plaintiff within thirty days. Plaintiff also seeks monetary damages.

1.  Due Process Claims

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). The United States Constitution does not, of its own force, create a

---

[1] Section 2000(b)(50) provides:

> (b) Definitions. For the purpose of the regulations contained in this division the definitions below shall have the following meanings:
>
> . . .
>
> (50) Good Cause. A finding by the board based upon a preponderance of the evidence that there is a factual basis and good reason for the decision made.

Id.

protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made.).

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause. Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002). However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S. Ct. at 862. In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id. at 862-63. Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Swarthout, 131 S. Ct. at 862-63.

Here, the record reflects that plaintiff was present at the March 18, 2009 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. (Dkt. No. 1 at 8-17.) According to the United States Supreme Court, the federal due process clause requires no more. Therefore, plaintiff's due process claims

4


are unavailing.

Plaintiff contends that California law requires a preponderance of the evidence to deny parole, and alleges this court is bound to defer to an agency's interpretation of its own regulations. However, only when a case involves a federal administrative agency's construction of a statute that the agency administers, does the court need to defer to the agency as set forth in Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). See Food and Drug Admin. v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 132 (2000). Here, plaintiff is not challenging a federal agency's interpretation of a federal statute. The BPH is a state agency, and not a federal agency.

In addition, the United States Supreme Court has recognized that California applies the "some evidence" standard of review in parole determinations. See Swarthout, 131 S. Ct. at 862; Superintendent v. Hill, 472 U.S. 445, 455-56 (2001). The California Supreme Court has also confirmed that the "extremely deferential" "some evidence" standard is the appropriate standard used to review parole denials. In re Rosenkrantz, 29 Cal.4th 616, 664-65, 128 Cal. Rptr.2d 104 (2002) (citing Hill). Thus, judicial review in the California courts is limited to whether the Board supported its findings with "some evidence." Rosenkrantz, 29 Cal.4th at 666-67; Lawrence, 44 Cal.4th at 1221. In Swarthout, the United States Supreme Court made clear that "California's 'some evidence' rule" is not a component of the liberty interest in parole, and due process only requires "the minimum procedures adequate for due-process protection . . . as set forth in Greenholtz." Swarthout, 131 S. Ct. at 862. In other words, the Due Process Clause does not permit federal courts to evaluate the merits of the BPH's decision to deny plaintiff parole. See Swarthout, 131 S. Ct. at 862; Miller v. Oregon Bd. of Parole and Post Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*[.]") (emphasis in original). As set forth above, petitioner was provided the minimal

////

1 due process protections required.[2]

Therefore, the court declines to provide plaintiff leave to amend to reassert any due process claims. Plaintiff's due process claims have been foreclosed, as a matter of law, by the Supreme Court's decision in Swarthout. Thus, any attempt to amend the pleadings to include new facts would be futile in stating a cognizable due process claim. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend . . ., unless it determines that the pleading could not possibly be cured by the allegation of other facts."). Accordingly, plaintiff's due process claims are dismissed with prejudice.

### 2. Leave to Amend

Plaintiff's complaint alleges only due process violations. In light of Swarthout, plaintiff cannot amend the complaint to allege a due process claim. However, in an abundance of caution, plaintiff will be granted leave to file an amended complaint if plaintiff can raise other, cognizable civil rights claims.[3]

---

[2] Plaintiff's interpretation of Section 2000(b)(50) is also unavailing. Section 2000(b)(50) defines the term "good cause," as used in the context of prison terms, as "a finding by the board based on a preponderance of the evidence that there is a factual basis and good reason for the decision made." Id. It does not set forth the Board's burden of proof in determining parole suitability. See Cal. Code Regs. tit. 15, § 2000(b)(50). Moreover, Section 2402, which governs suitability determinations, does not require that the Board make its finding by a preponderance of the evidence. Cal. Code Regs. tit. 15, § 2402. Nor does it require that the Board show "good cause" for denying parole. See Cal. Code Regs. tit. 15, § 2402. The regulation requires that the Board consider "all relevant, reliable information available to the panel. . . ." Id. at (b). Nor does a "good cause" or preponderance standard appear in the other regulations governing parole suitability hearings. See generally Cal.Code Regs. tit. 15, §§ 2400-2411.

In any event, even if the Board were obligated to make its finding by a preponderance of the evidence, but failed to do so, that failure would not, by itself, provide petitioner with a cause of action under California law. Rather, judicial review in the California courts would be limited to whether the Board supported its findings with "some evidence." Rosenkrantz, 29 Cal.4th at 666-67; Lawrence, 44 Cal.4th at 1221.

[3] Plaintiff names the BPH as a defendant in this action. However, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state consents to the suit. See Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("In the absence of a waiver by the state . . . under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for

3. Request to Proceed In Forma Pauperis

Finally, plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. Because plaintiff fails to state a cognizable civil rights claim, and cannot cure his due process claims by amendment, the court will grant plaintiff an opportunity to voluntarily dismiss this action without incurring the filing fee. Plaintiff is cautioned that if he chooses to file an amended complaint, he will be required to pay the $350.00 filing fee, even if the court grants plaintiff leave to proceed in forma pauperis. 28 U.S.C. § 1915(g).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend.

2. Plaintiff's due process claims are dismissed with prejudice.

3. Within thirty days from the date of this order, plaintiff shall complete and file the attached Notice of Election form.

4. If plaintiff chooses to file an amended complaint, plaintiff shall also submit one copy of the Amended Complaint. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

5. Failure to file the Notice of Election in accordance with this order will result in the dismissal of this action.

DATED: December 21, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sing2932.56

---

injunctive relief brought in federal court.") (internal quotations omitted). Here, the State of California has not consented to suit; thus, plaintiff should not name the California BPH as a defendant in any amended complaint. See Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009). Plaintiff's complaint also contains no charging allegations as to named defendants Warden Sisto or Governor Brown. If plaintiff chooses to file an amended complaint, he must set forth facts connecting the named defendant with the alleged constitutional violation.

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANA SINGER,

        Plaintiff,                 No. 2:11-cv-2932 KJN P

    vs.

CALIFORNIA BOARD OF
PRISON HEARINGS, et al.,

        Defendants.          NOTICE OF ELECTION

_____/

        Plaintiff hereby chooses the following option pursuant to the court's order filed _____ :

_____      Plaintiff chooses to voluntarily dismiss this action.

_____      Plaintiff opts to file an Amended Complaint. Plaintiff acknowledges he will incur the $350.00 filing fee.

DATED:

                                            _____
                                                  Plaintiff